**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BERNABE CRUZ ORTEGA, )
)
    Petitioner, )
)
v. )
)   Case No. 18-3281-CM
MARTIN J. SAUERS, Warden of )
Ellsworth Correctional Facility, and )
DEREK SCHMIDT, Attorney General )
of the State of Kansas, )
)
    Respondents. )
)

## MEMORANDUM AND ORDER

Petitioner Bernabe Cruz Ortega, an inmate at the Ellsworth Correctional Facility in Ellsworth, Kansas, has filed a pro se petition for writ of habeas corpus, 28 U.S.C. § 2254. (Doc. 1.) In January 2012, petitioner pled no contest to one count of Aggravated Indecent Liberties with a Child, in violation of Kan. Stat. Ann. § 21-3504(a)(3)(A). He was sentenced to life in prison. Petitioner now seeks habeas relief based on two grounds: 1) the original criminal complaint was constitutionally defective because it failed to include his date of birth; and 2) his court-appointed attorney's failure to raise the missing date of birth during the plea negotiations represented ineffective assistance of counsel in violation of his Sixth Amendment rights. For reasons explained below, the court denies the petition.

### I.     Background

In September 2011, Petitioner was charged with one count of aggravated criminal sodomy and one count of aggravated indecent liberties with a child under the age of fourteen – the then seven-year-old daughter of his son's girlfriend, for whom he was babysitting. *Ortega v. Kansas*, No. 117,465, 416 P.3d 169 (Table), 2018 WL 1770449, *1 (Kan. Ct. App. Apr. 13, 2018). Elements of both offenses

-1-

included that the victim be under the age of fourteen, and that the perpetrator be over eighteen. The amended complaint, charging petitioner with the second count only, stated:

> That on or between the 28th day of October, 2007, and the 28th day of October, 2008, in said County of Seward and State of Kansas, one Bernabe Cruz Ortega did then and there unlawfully, feloniously, and willfully engage in act of lewd fondling or touching of a child, to wit: AL dob: 10/28/2000, a child who was less than 14 years of age with intent to arouse or satisfy the sexual desires of either the child or the offender and the offender being over the age of 18 years, in violation of K.S.A. 21-3504(a)(3)(1), Aggravated Indecent Liberties with a child, a level Offgrid person felony.

*Id.* After petitioner entered into a plea agreement, the Kansas District Court, in March 2012, sentenced petitioner to life, with no possibility of parole until he had served a minimum of twenty-five years, and lifetime parole. Petitioner appealed his sentence, arguing, through counsel, that the State had violated the terms of the plea bargain by contesting his downward-departure motion. The court of appeals concurred and remanded the case for resentencing before a different judge, who then imposed the same sentence. *State v. Ortega*, No. 111,614, 2015 WL 2133266 (Kan. Ct. App. May 1, 2015).

In November 2016, petitioner filed a state application for a writ of habeas corpus, Kan. Stat. Ann. § 60-1507, moving the district court to vacate, set aside or correct his sentence, based on three new grounds. He argued that the complaint failed to include his date of birth, an essential element of the crime, and that his defense lawyer was ineffective because he failed to raise this defect by filing a motion to arrest the judgment. Thirdly, petitioner argued that the district court lacked jurisdiction to impose lifetime supervision as part of his sentence. The district court summarily denied the application, holding that, because the complaint specified that petitioner was over eighteen, it included all essential elements of the crime. This conclusion led to the next: that his attorney's representation was constitutionally adequate. The court also concluded that the imposition of lifetime parole was proper. *Ortega*, 416 P.3d 169.

Petitioner appealed this ruling to the Kansas Court of Appeals, arguing, through counsel, that the district court erred in denying his ineffective counsel claim without an evidentiary hearing because the record did not conclusively demonstrate that he was not entitled to relief. Petitioner did not appeal the portion of the ruling which held that his original criminal complaint correctly set forth the elements of the crime. The court of appeals denied petitioner's appeal, pointing out that, because petitioner had dropped his objection to the sufficiency of the complaint, this claim was waived and abandoned. Because this objection was waived and because, moreover, the complaint was actually sufficient, petitioner's "ineffective assistance argument necessarily fails." *Id.* (citing *State v. Rivera*, 291 P.3d 512, 535 (Kan. App. 2012) ("[A] complaint is sufficient if it substantially follows the language of the statute or charges the offense in equivalent words or others of the same import . . . .")). The court held further that no ineffective assistance of counsel claim could prevail because trial counsel's failure to file a motion to arrest the judgment was objectively reasonable and resulted in no prejudice to petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In May 2018, petitioner, represented by appellate counsel, next appealed to the Kansas Supreme Court, arguing that the court of appeals erred when it concluded that the district court acted properly in dismissing petitioner's Kan. Stat. Ann. § 60-1507 application without a hearing or appointment of counsel. In this appeal, petitioner pressed both the alleged defect in the complaint, and the linked ineffective assistance claim. According to respondent, the supreme court denied review and issued a mandate on October 12, 2018. (Doc. 10.) Next, petitioner, now acting pro se, petitioned this court for a federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**II.    Analysis**

A petition filed under 28 U.S.C. § 2254 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). According to the Act, the court may grant the petition only when the

petitioner is able to show that the state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established law only if the decision on a matter of law is opposite to that reached by the Supreme Court, or if the decision varies from Supreme Court precedent based "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The findings of the state's trial judge are presumed correct unless the petitioner rebuts them with clear and convincing evidence. *Hale v. Gibson*, 227 F.3d 1298, 1318 (10th Cir. 2000); 28 U.S.C. § 2254(e)(1). This court is also bound by a state court's interpretation of its own state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Because state courts are fully qualified to interpret federal constitutional claims, AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court," *Burt v. Titlow*, 571 U.S. 12, 19 (2013), as they are required to demonstrate "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Id.* at 19–20 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

A properly-filed habeas petition must also meet AEDPA's procedural requirements; most importantly this means that petitioner must have already exhausted all possible state court remedies. 28 U.S.C. § 2254(b). This requires that a petitioner must have presented the same claim, based on the same factual allegations and the same legal issue, to the state court. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018).

With these stringent standards in mind, the court turns to petitioner's claims. (Doc. 1.) These are two-fold: 1) the trial court violated petitioner's rights to due process and a fair trial because the

complaint filed by the State omitted an essential element of the crime, that is, his date of birth; and 2) petitioner's defense counsel was ineffective because he failed to move for arrest of judgment on the defective complaint. (Doc. 1, at 5, 7.)

Respondent counters these arguments first with a procedural one: that petitioner's defective-complaint argument was not properly exhausted, because it was waived when petitioner filed his direct appeal with the Kansas Court of Appeals, where he argued only that the district court erred when it summarily dismissed his Kan. Stat. Ann. § 60-1507 application without a hearing. (Doc. 10, at 13.) The court of appeals did in fact observe that petitioner was not appealing the district court's finding that the complaint was sufficient, writing, "he has waived and abandoned any argument that the district court erred in finding so." *Ortega*, 416 P.3d 169. Moreover, respondent points out, petitioner's current defective-complaint claim is framed for the first time as a constitutional claim, meaning it is not the same claim, based on the same legal issue, as was presented to the state court. (Doc. 10, at 14.) *See Picard*, 404 U.S. at 275–76. This constitutionally-based version of the claim has not been exhausted. Respondent argues further that this court may only review procedurally defaulted claims (such as this one) if the petitioner can demonstrate an excusable reason for the default, actual prejudice or "a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent's procedural analysis is correct, and it is clear to the court that petitioner has not demonstrated any of the exceptions to the bars imposed by his procedural default and failure to exhaust. Furthermore, the prior rulings of the Kansas courts on these issues have been consistently reasonable and in accordance with federal law. The criminal complaint with which petitioner was charged stated clearly that he was over eighteen years old when the events took place. Petitioner makes no argument that he was younger than eighteen; he only makes the technical and superficial argument that the complaint should have included his date of birth. There is no such requirement. As

the court noted above, under Kansas law, "a complaint is sufficient if it substantially follows the language of the statute . . . ." *Rivera*, 291 P.3d at 535. At the time petitioner committed his crime, the statute provided that, "when the offender is 18 years of age or older," the acts constitute "an off-grid person felony." *Ortega*, 416 P.3d 169; Kan. Stat. Ann. § 21-3504(c). The language of the complaint tracks the language of the statute and is therefore sufficient as a matter of law. Because the complaint was legally sufficient, there was no unreasonable, prejudicial, or unconstitutional omission on the part of petitioner's defense attorney in failing to file a motion to arrest the judgment prior to the plea negotiation. For all these reasons, this court holds that the state courts did not unreasonably apply the law. The petition is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2254(c)(2).

**IT IS THEREFORE ORDERED** that petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) is denied. A certificate of appealability is denied.

The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner, and to close the case.

Dated this 16th day of October, 2019, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**